MICHAEL A. ISAACS (Bar No. 99782)
michael.isaacs@dentons.com
DENTONS US LLP
One Market Plaza, Suite 2400
San Francisco, CA 94105
Telephone: (415) 267-4000
Facsimile: (415) 267-4198

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Telephone: (213) 623 9300
Facsimile: (213) 623 9924

GARY W. MARSH (admitted *pro hac vice*)
gary.marsh@dentons.com
DAVID GORDON (admitted *pro hac vice*)
david.gordon@dentons.com
DENTONS US LLP
303 Peachtree Street, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527 4000
Facsimile: (404) 527 4198

Attorneys for Debtor
WEST CONTRA COSTA HEALTHCARE
DISTRICT

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>WEST CONTRA COSTA HEALTHCARE DISTRICT.<br><br>                    Debtor.<br><br>Tax ID: 94-6003145 | Case No. 16-42917<br><br>Chapter 9<br><br>MOTION FOR ORDER AUTHORIZING REJECTION OF OMNICELL AGREEMENTS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE<br><br>Date: January 11, 2017<br>Time: 1:30 p.m.<br>Place: 1300 Clay Street, Courtroom 201<br>Judge: Hon. Roger L. Efremsky |

TO OMNICELL, INC., THE HOLDERS OF THE TWENTY LARGEST UNSECURED CLAIMS IN THIS CHAPTER 9 CASE, U.S. BANK, THE COUNTY OF CONTRA COSTA, AND ALL PERSONS HAVING FILED AND SERVED REQUESTS FOR NOTICE IN THIS CHAPTER 9 CASE

      The West Contra Costa Healthcare District, a California Local Health Care District and the debtor in the above-captioned Chapter 9 case (the "District"), hereby seeks an order, pursuant to

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Section 365(a) of the Bankruptcy Code, Rules 6006(a) and (c) of the Federal Rules of Bankruptcy Procedure, and Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California authorizing the District to reject certain executory contracts between the District and Omnicell, Inc. ("Omnicell"). In support of this Motion, the District relies upon the Declaration of Kathy D. White in Support of Statement of Qualifications Under 11 U.S.C. § 109(c) filed on October 20, 2016 [Docket No. 5] (the "White Declaration") and respectfully states as follows:

## RELIEF REQUESTED

Prior to the Petition Date, and while the hospital owned by the District and known as Doctor's Medical Center (the "Hospital") was still operating, the District entered into certain agreements with Omnicell whereby the District leased machines from Omnicell used by the District to dispense medication to patients (the "Omnicell Equipment"). When the Hospital closed in 2015, the District had no further use for the Omnicell Equipment and attempted to return the Omnicell Equipment to Omnicell and terminate the Omnicell agreements. Omnicell refused to consent to the termination of the agreements and refused to retake possession of the Omnicell Equipment. The District has no use for the Omnicell Equipment, which sits unused in the vacant Hospital, and the Omnicell agreements are burdensome to the District. By this Motion, the District seeks to reject the Omnicell agreements *nunc pro tunc* to the Petition Date and return the Omnicell Equipment to Omnicell.

This Motion is made pursuant to Section 365(a) of the Bankruptcy Code, Rules 6006(a) and (c) of the Federal Rules of Bankruptcy Procedure, and Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California.

## STATEMENT OF FACTS

In support of this Motion, the District represents as follows:

1. The District filed its voluntary petition under Chapter 9 of the United States Bankruptcy Code on October 20, 2016 (the "Petition Date"). The District filed this Chapter 9 case in order to obtain relief from creditor collection actions and access to certain revenues needed to operate to provide the District with time to effect a Plan of Adjustment of the District's debts.

2. As set forth in the White Declaration, the District is a special health care district

created in accordance with California's Local Health Care District Law. The District has historically operated the Hospital located in San Pablo and provided medical services to the community. In April 2015, with the Hospital continuing to lose money and the District unable to secure additional financing, the District made the difficult decision to shut down operations at the Hospital.

3. Prior to the Petition Date and the closure of the Hospital, the District and Omnicell entered into that certain undated Corporate Partnership Agreement, that certain Omnicell Master Agreement dated August 2, 2005, and that certain Equipment Lease Agreement dated March 28, 2011 (collectively and together with any and all other contracts, leases, or agreements between the District and Omnicell, the "<u>Omnicell Agreements</u>"). Pursuant to the Omnicell Agreements, the District leased the Omnicell Equipment and procured related services necessary to use the Omnicell Equipment in connection with the District's operation of the Hospital.

4. When the Hospital closed in April 2015, the District attempted to return the Omnicell Equipment to Omnicell and terminate the Omnicell Agreements. Omnicell refused to consent to the termination of the Omnicell Agreements and refused to retake possession of the Omnicell Equipment.

5. Under the Omnicell Agreements, the District is required to pay Omnicell monthly rent for the Omnicell Equipment in the approximate amount of $22,000 per month.

6. The District has no use for the Omnicell Equipment, which sits unused in the closed Hospital, and the Omnicell Agreements are burdensome to the District.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  Rejection of the Omnicell Agreements is Appropriate**

Section 365 of the Bankruptcy Code provides:

> Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

Under section 365 of the Bankruptcy Code, the rejection of an executory contract or unexpired lease is subject to the business judgment test. *NLRB v. Bildisco & Bildisco*, 465 U.S.

513, 524 (1984) (business judgment standard applies to the rejection of executory contracts with the exception of collective bargaining agreements); *Group of Institutional Investors v. Chicago, Milwalkee, St. Paul & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943) ("the question whether a lease should be rejected and if not on what terms is should be assumed is one of business judgment"); *In re County of Orange*, 179 B.R. 177, 183 (Bankr. C.D. Cal. 1995) (finding *Bildisco* applicable in a Chapter 9 case). The primary issue the Court should consider in evaluating the District's business judgment is whether rejection of the Omnicell Agreements will benefit unsecured creditors. *See In re Chi-Feng Huang*, 23 B.R. 798, 801 (9th Cir. B.A.P. 1982).

In this case, rejection of the Omnicell Agreements is clearly in the best interest of creditors. The District is no longer operating the Hospital and is not using the Omnicell Equipment. The District has attempted unsuccessfully to return the Omnicell Equipment and has no use for it. The Omnicell Agreements are burdensome to the District because the District is required to pay monthly rent for equipment that the District does not need and is not using. Rejection of the Omnicell Agreements is therefore a valid exercise of the District's business judgment.

### B. Rejection Should Be Effective as of the Petition Date

While rejection of a contract or lease under Section 365(a) is not effective until an order approving the rejection is entered, a bankruptcy court has the equitable power to order rejection to operate retroactively. *In re At Home Corp.*, 392 F.3d 1064, 1065 (9th Cir. 2004); *In re Thinking Machines Corp.*, 67 F.3d 1021, 1029 (1st Cir. 1994). Factors considered by bankruptcy courts in determining whether retroactive rejection is appropriate include the absence of delay by the debtor in promptly seeking rejection, whether the debtor is enjoying the use or benefit of the contract or lease postpetition, and the conduct of the landlord or contract counterparty. *See At Home*, 392 F.3d at 1073-76.

Here, the District has promptly moved for rejection of the Omnicell Agreements. The deadline for objecting to the Petition was November 30, 2016. Because no objections to the Petition were filed on or before November 30, the Order for Relief went into effect on December 1, retroactive to the Petition Date. (*Order Granting Ex Parte Application for Entry of Order:*

*(1) Directing and Approving Form of Notice; (2) Setting Deadlines for Filing Objections to Petition; (3) Setting Deadline for Filing List of Creditors; (4) Setting Deadline for Filing Proofs of Claims; and (5) Limiting Notice* entered on October 25, 2016 [Docket No. 12]). The District filed this Motion on December 1, the first day in which the District was certain an Order for Relief had been entered. With respect to the second factor considered by courts in granting retroactive relief, whether the debtor is enjoying the use or benefit contract or lease postpetition, the District has not used the Omnicell Equipment since the Hospital closed in April 2015. Finally, with respect to the conduct of Omnicell, the District has attempted to return the Omnicell Equipment to Omnicell and terminate the Omnicell Agreements but Omnicell has refused to cooperate. Under these circumstances, rejection of the Omnicell Agreements *nunc pro tunc* to the Petition Date is appropriate.

## CONCLUSION

In the business judgment of the District, rejection of the Omnicell Agreements is in the District's best interests. Therefore the District requests that the Court enter an order authorizing the District to reject the Omnicell Agreements effective as of October 20, 2016, the Petition Date in this Chapter 9 case, and for such other relief as is appropriate.

Dated: December 1, 2016

DENTONS US LLP

By: /s/ Samuel R. Maizel
    Samuel R. Maizel
    Attorneys for Debtor

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300