1  MICHAEL A. ISAACS (Bar No. 99782)           SAMUEL R. MAIZEL (Bar No. 189301)
   michael.isaacs@dentons.com                  samuel.maizel@dentons.com
2  DENTONS US LLP                              DENTONS US LLP
   One Market Plaza, Suite 2400                601 South Figueroa Street, Suite 2500
3  San Francisco, CA 94105                     Los Angeles, CA  90017-5704
   Telephone:     (415) 267-4000               Telephone:     (213) 623 9300
4  Facsimile:     (415) 267-4198               Facsimile:     (213) 623 9924

5  GARY W. MARSH (admitted *pro hac vice*)
   gary.marsh@dentons.com
6  DAVID GORDON (admitted *pro hac vice*)
   david.gordon@dentons.com
7  DENTONS US LLP
   303 Peachtree Street, Suite 5300
8  Atlanta, GA 30308
   Telephone:     (404) 527 4000
9  Facsimile:     (404) 527 4198

10

   Attorneys for Debtor
11 WEST CONTRA COSTA HEALTHCARE
   DISTRICT

12

**UNITED STATES BANKRUPTCY COURT**

13

**NORTHERN DISTRICT OF CALIFORNIA**

14

**OAKLAND DIVISION**

15

16

| | |
|---|---|
| In re: | Case No. 16-42917 |
| 17 WEST CONTRA COSTA HEALTHCARE DISTRICT. | Chapter 9 |
| 18 | REQUEST FOR ENTRY OF ORDER FOR RELIEF PURSUANT TO 11 U.S.C. § 921; DECLARATION OF GARY W. MARSH IN SUPPORT THEREOF |
| 19            Debtor. | |
| 20 Tax ID: 94-6003145 | |
| 21 | Hearing: |
| 22 | Date:  January 11, 2017 Time: 1:30 p.m. Place: 1300 Clay Street, Courtroom 201, |
| 23 | Oakland, California Judge:  Hon. Roger L. Efremsky |

24

25 TO THE UNITED STATES TRUSTEE, ALL CREDITORS IN THIS CHAPTER 9 CASE, U.S.
   BANK, THE COUNTY OF CONTRA COSTA, AND ALL PERSONS HAVING FILED AND
26 SERVED REQUESTS FOR NOTICE IN THIS CHAPTER 9 CASE:

27      The West Contra Costa Healthcare District, a California Local Health Care District and the

28 debtor in the above-captioned Chapter 9 case (the "District"), hereby states as follows:

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1.  On October 20, 2016, the District filed its petition for relief under Chapter 9 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq*. (the "Bankruptcy Code"). The facts and circumstances leading to the filing of the Chapter 9 case, and basis for the District's eligibility to be a Chapter 9 debtor, are set forth in detail in the *Declaration of Kathy D. White in Support of Statement of Qualifications Under 11 U.S.C. § 109(c)* filed on October 20, 2016 [Docket No. 5] (the "White Declaration").

2.  Pursuant the *Order Granting Ex Parte Application for Order: (1) Directing and Approving Form of Notice; (2) Setting Deadline for Filing Objections to Petition; (3) Setting Deadline for Filing List of Creditors; (4) Setting Deadline for Filing Proofs of Claims; and (5) Limiting Notice* entered October 25, 2016 [Docket No. 12] (the "Order"), the Bankruptcy Court set **November 30, 2016** as the deadline to file any objection to the petition (the "Eligibility Objection Deadline"), **January 31, 2017** as the deadline to file proofs of claims against the District (the "Bar Date"), and approved a *Notice of Commencement of Case under Chapter 9, Notice of Automatic Stay, Notice of Deadline for Filing Objections to the Petition, Notice of Deadline for Filing Proofs of Claim, and Related Orders* (the "Notice"). The Notice advises all parties in interest of the Eligibility Objection Deadline and Bar Date and further states that "[i]f no objection is timely filed, the filing of the Petition shall be deemed an Order for Relief under Chapter 9 and this notice shall be deemed notice of such Order for Relief." The Court's Order stated: "the clerk of court is directed to serve the [Notice] upon the creditor matrix in this case."

3.  On October 27, 2016, the Bankruptcy Noticing Center ("BNC") served the Order, but not the Notice, by first class mail on the list of creditors holding the 20 largest claims against the District, the United States Trustee, and those parties requesting special notice. BNC did not serve the Notice upon the entire creditor matrix as directed by the Court.

4.  While BNC did not serve the Notice upon the entire creditor matrix as directed by the Court, the District provided publication notice and other notice of the Eligibility Objection Deadline and Bar Date as described herein and in the Declaration of Gary W. Marsh submitted contemporaneously herewith (the "Marsh Declaration"). Specifically, pursuant to Section 923 Bankruptcy Code, the District caused the Notice to be published once a week for three consecutive

102121621\V-4

weeks in *The West County Times* and the *Wall Street Journal*. The Notice was published in *The West County Times* on October 28, November 4, and November 11, 2016. The Notice was published in *Wall Street Journal* on November 2, 9, and 16, 2016. The District filed with the Court Publisher's affidavits evidencing such publication notice on November 28, 2016 [Docket No. 26].

5.  In addition to the publication notice provided via *The West County Times* and the *Wall Street Journal*, on November 2, 2016 the District posted the Notice on its website. The Notice remains posted on the District's website as of the filing of this Request.

6.  Counsel to the District served the Notice via email on US Bank, the District's largest creditor holding a claim in excess of $56 million, on October 26, 2016. US Bank therefore had actual notice of the November 30 Eligibility Objection Deadline prior to the passage of the deadline.

7.  Counsel to the District served the Notice via email to LWP Claim Solutions, Inc. ("LWP"), the administrator for the District's workers compensation claims, on October 31, 2016. LWP therefore had actual notice of the November 30 Eligibility Objection Deadline prior to the passage of the deadline.

8.  The District's second largest creditor is Contra Costa County (the "County"), who holds a claim in the approximate amount of $17 million. While the District, relying on BNC to serve the Notice, did not directly serve the Notice on the County, the District has been in active discussions with the County throughout this Chapter 9 case and orally discussed with the County's counsel the Eligibility Objection Deadline well-before the deadline. The County's counsel filed a Notice of Appearance in this case on November 15, 2016 [Docket No. 24]. The County therefore had actual notice of the November 30 Eligibility Objection Deadline prior to the passage of the deadline.

9.  In addition to the actual notice provided to US Bank, LWP, and the County, the District provided direct notice of the Notice to the following parties on the following dates:

| Party | Date |
|---|---|
| Crown Castle | 11/11/16 |
| Accretive Health | 11/29/16 |
| Ms. Jill Prentice | 11/30/16 |

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

| California Department of Health and Community Services | 12/8/16 |
|---|---|

10. On December 8, 2016, the District, through counsel, discovered that the clerk of court had not served the Notice upon all creditors in this case as required by the Order. Counsel brought the issue to the attention of the clerk's office on December 8.

11. On December 9, 2016, BNC served the Notice on the entire creditor matrix in the case. [Docket No. 42].

12. The Notice advises all parties in interest of the Eligibility Objection Deadline and Bar Date. Because BNC did not serve the Notice via mail on the entire creditor matrix until December 9, it is possible that certain creditors (excluding US Bank, the County, LWP, and others) were unaware of the November 30 Eligibility Objection Deadline until that deadline has passed.

13. The Eligibility Objection Deadline passed with no objections being filed. The District asserts that publication notice of the Eligibility Objection Deadline and the other notice and service by the District was sufficient under the circumstances such that an Order for Relief was entered on December 1, 2016 *nunc pro tunc* to October 20, 2016, the Petition Date. To alleviate any concerns raised by BNC's failure to timely serve the Notice, however, the District is providing additional notice of its request for entry of an Order for Relief.

14. As set forth in the *Notice of Request for Entry of Order for Relief Pursuant to 11 U.S.C. § 921* filed contemporaneously herewith, this Request is being served via US mail on all creditors in the Chapter 9 case. To the extent any creditor did not receive actual notice of the Eligibility Objection Deadline and is not deemed by the Court to have received constructive notice of the deadline, the District has provided a second opportunity for parties in interest to be heard with respect to the District's eligibility to be a debtor under Chapter 9 in advance of the January 11, 2016 hearing. While the District asserts that such second notice is not required under the circumstances, the notice is being provided out of an abundance of caution.

WHEREFORE, the District requests that the Court enter an order for relief under Chapter 9 of the Bankruptcy Code at the January 11, 2017 hearing *nunc pro tunc* to October 20, 2016, the Petition Date in this Chapter 9 case.

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

2   Dated:  December 16, 2016                DENTONS US LLP

3

4                                            By:  /s/ Samuel R. Maizel
                                                  Samuel R. Maizel
5                                                 Attorneys for Debtor

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 16-42917    Doc# 44    Filed: 12/16/16    Entered: 12/16/16 10:28:46    Page 5 of 8
102121621\V-4

**Declaration of Gary W. Marsh**

I, Gary W. Marsh, declare:

1.      I am a partner with the law firm Dentons US LLP.  Dentons serves as bankruptcy and restructuring counsel to the West Contra Costa Healthcare District (the "District") in this Chapter 9 case.

2.      I submit this Declaration in support of the *Request for Entry of Order for Relief Pursuant to 11 U.S.C. § 921* filed by the District contemporaneously herewith.  If called upon to do so, I would testify of my own knowledge to the facts set forth herein.

3.      Pursuant the *Order Granting Ex Parte Application for Order: (1) Directing and Approving Form of Notice; (2) Setting Deadline for Filing Objections to Petition; (3) Setting Deadline for Filing List of Creditors; (4) Setting Deadline for Filing Proofs of Claims; and (5) Limiting Notice* entered October 25, 2016 [Docket No. 12] (the "Order"), the Bankruptcy Court set **November 30, 2016** as the deadline to file any objection to the petition (the "Eligibility Objection Deadline"), **January 31, 2017** as the deadline to file proofs of claims against the District (the "Bar Date"), and approved a *Notice of Commencement of Case under Chapter 9, Notice of Automatic Stay, Notice of Deadline for Filing Objections to the Petition, Notice of Deadline for Filing Proofs of Claim, and Related Orders* (the "Notice").  The Notice advises all parties in interest of the Eligibility Objection Deadline and Bar Date and further states that "[i]f no objection is timely filed, the filing of the Petition shall be deemed an Order for Relief under Chapter 9 and this notice shall be deemed notice of such Order for Relief."  The Court's Order stated: "the clerk of court is directed to serve the [Notice] upon the creditor matrix in this case."

4.      On October 27, 2016, the Bankruptcy Noticing Center ("BNC") served the Order, but not the Notice, by first class mail on the list of creditors holding the 20 largest claims against the District, the United States Trustee, and those parties requesting special notice.  BNC did not serve the Notice upon the entire creditor matrix as directed by the Court.

5.      While BNC did not serve the Notice upon the entire creditor matrix as directed by the Court, the District provided publication notice and other notice of the Eligibility Objection Deadline and Bar Date.  Specifically, pursuant to Section 923 of the Bankruptcy Code, the District

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   caused the Notice to be published once a week for three consecutive weeks in *The West County*

2   *Times* and the *Wall Street Journal*. The Notice was published in *The West County Times* on

3   October 28, November 4, and November 11, 2016. The Notice was published in *Wall Street*

4   *Journal* on November 2, 9, and 16, 2016. The District filed with the Court Publisher's affidavits

5   evidencing such publication notice on November 28, 2016 [Docket No. 26].

6        6.      In addition to the publication notice provided via *The West County Times* and the

7   *Wall Street Journal*, on November 2, 2016 the District posted the Notice on its website. The

8   Notice remains posted on the District's website as of the filing of this Request.

9        7.      Counsel to the District served the Notice via email on US Bank, the District's

10   largest creditor holding a claim in excess of $56 million, on October 26, 2016. US Bank therefore

11   had actual notice of the November 30 Eligibility Objection Deadline prior to the passage of the

12   deadline.

13        8.      Counsel to the District served the Notice via email to LWP Claim Solutions, Inc.

14   ("LWP"), the administrator for the District's workers compensation claims, on October 31, 2016.

15   LWP therefore had actual notice of the November 30 Eligibility Objection Deadline prior to the

16   passage of the deadline.

17        9.      The District's second largest creditor is Contra Costa County (the "County"), who

18   holds a claim in the approximate amount of $17 million. While the District, relying on BNC to

19   serve the Notice, did not directly serve the Notice on the County, the District has been in active

20   discussions with the County throughout this Chapter 9 case and orally discussed with the County's

21   counsel the Eligibility Objection Deadline well-before the deadline. The County's counsel filed a

22   Notice of Appearance in this case on November 15, 2016 [Docket No. 24]. The County therefore

23   had actual notice of the November 30 Eligibility Objection Deadline prior to the passage of the

24   deadline.

25        10.      In addition to the actual notice provided to US Bank, the County, and LWP, the

26   District provided direct notice of the Notice to the following parties on the following dates:

| Party | Date |
| --- | --- |
| Crown Castle | 11/11/16 |
| Accretive Health | 11/29/16 |
| Ms. Jill Prentice | 11/30/16 |

| California Department of Health and Community Services | 12/8/16 |
|---|---|

11.     On December 8, 2016, the District, through counsel, discovered that the clerk of court had not served the Notice upon all creditors in this case as required by the Order.  Counsel brought the issue to the attention of the clerk's office on December 8.

12.     On December 9, 2016, BNC served the Notice on the entire creditor matrix in the case. (*See* Docket No. 42).

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct and that this Declaration was executed at Atlanta, Georgia on December 15, 2016.

By: _____
Gary W. Marsh

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Case 16-42917    Doc# 44    Filed: 12/16/16    Entered: 12/16/16 10:28:46    Page 8 of 8